**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

PATRICK FARRELL,

        Plaintiff,

-vs-                                        Case No.  2:07-cv-817-FtM-34DNF

G.M.A.C., et al.,

        Defendants.

_____

**ORDER**[1]

**THIS CAUSE** is before the Court on the following: (1) Plaintiff's Motion to Dismiss; Motion for Sanctions; Motion to Amend (Doc. No. 14; First Motion to Amend),[2] filed on December 27, 2007; (2) Plaintiff's Motion to Dismiss; Motion for Sanctions; Motion to Amend (Doc. 15; Second Motion to Amend), filed on December 28, 2007; and (3) Plaintiff's Addendum to; Motion to Dismiss; Motion for Sanctions; Motion to Amend Complaint with Attached Complaint (Doc. No. 33; Third Motion to Amend), filed on January 14, 2008.  In response, Defendant Countrywide Home Loans, Inc. (Countrywide) filed Countrywide's Opposition to Plaintiff's Motion to Remand (Doc. No. 32; Countrywide's First Opposition) on January 14, 2008, and Countrywide's Response to Plaintiff's Addendum to his Motion to Remand (Doc. No. 35; Countrywide's Second Opposition) on January 29, 2008.

---

      [1] This is a "written opinion" under § 205(a)(5) of the E-Government Act and therefore is available electronically.  However, it has been entered only to decide the motions addressed herein and is not intended for official publication or to serve as precedent.

      [2] Plaintiff initially failed to sign the First Motion to Amend, as required by Rule 11(a), but corrected this error by signing the First Motion to Amend and refiling it as the Second Motion to Amend.  Accordingly, the First Motion to Amend is due to be denied as moot.

The Complaint in this action was originally filed by Plaintiff, proceeding pro se, in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, on November 14, 2007.[3]  See Complaint (Doc. No. 2; Complaint).  In the Complaint, Plaintiff asserts numerous violations of state law, including claims of fraud, breach of contract, violations of Florida's Deceptive and Unfair Trade Practices Act, civil conspiracy, and negligence, as well as violations of federal securities laws and a claim under "RICO Racketeering Influenced Corrupt Organization Act,"[4] against twelve individuals/entities.  See Complaint at 11-24.  On December 14, 2007, Defendant Countrywide filed the Notice of Removal (Doc. No. 1; Notice of Removal), under 28 U.S.C. §§1441(b) & (c), based on an assertion that the Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331, as Plaintiff has alleged claims that arise under the federal Securities Exchange Act of 1934, 15 U.S.C. §78j and the federal RICO statute, 18 U.S.C. §1961.  Notice of Removal at 1.

In the Second Motion to Amend, Plaintiff requests "an order dismissing defendant Countrywide Home Loans Inc. Notice of Removal, and Motion for Extension of Time to Respond to Complaint and moves for sanctions against defendants [sic] counsel for fraud upon the court, and [sic] grant leave to amend the Complaint."  Second Motion to Amend at 1. Similarly, in his Third Motion to Amend, Plaintiff sets forth his opposition to the removal of this case to federal court and again requests leave to amend his Complaint to omit all claims arising under federal law, thereby affording the Court "the opportunity to remand this

---

[3] The Court notes that Plaintiff is proceeding pro se, and as such, Plaintiff's pleadings will be liberally construed.  See Tannenbaum v. U.S., 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

[4] Although Plaintiff asserts violations of "RICO Racketeering Influenced Corrupt Organization," the Court's review of the Complaint does not disclose whether Plaintiff intended to plead a claim under the federal or state RICO statutes.

-2-

case back to state court." See Third Motion to Amend at 1.  Defendant Countrywide opposes the relief requested in Plaintiff's Second and Third Motions to Amend.[5]  See Countrywide's First Opposition; Countrywide's Second Opposition.

### I. Plaintiff's Second Motion to Amend[6]

Turning first to Plaintiff's Second Motion to Amend, the Court notes that Plaintiff has failed to comply with the requirements of Rule 7(b), Federal Rules of Civil Procedure (Rule(s)).  In order to satisfy the requirements of Rule 7(b), a party seeking leave to amend a complaint should either attach a copy of the proposed amended complaint to the motion or set forth the substance of the proposed amendment in such a manner that the Court can assess the viability of the proposed amendment.  See Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999) (citing Wisdom v. First Midwest Bank, 167 F.3d 402, 409 (8th Cir. 1999)); Plantation Botanicals v. Euromed USA, Inc., Case No. 2:06-cv-103-FtM-99SPC, 2007 WL 461024, at *1 (M.D. Fla. Feb. 7, 2007).  The Court's review of the Second Motion to Amend discloses that Plaintiff did not attach a copy of the proposed amended complaint to the Motion, nor did he set forth the substance of the proposed amendments.  Therefore, the

---

[5] In the First Opposition, Defendant Countrywide sets forth the specific bases for its objections to Plaintiff's First and Second Motions to Amend.  However, in the Second Opposition, Defendant Countrywide "incorporates by reference" the arguments presented in the First Opposition. See Third Motion to Amend at 2.

[6] In the Second Motion to Amend, Plaintiff also asserts that the Court should impose sanctions on Defendant Countrywide based on Countrywide's failure to confer with Plaintiff as required by Local Rule 3.01(g), United States District Court, Middle District of Florida, (Local Rule(s)), prior to filing its Motion for Extension of Time to Respond to Complaint. See Second Motion to Amend at 2.  Upon consideration of the grounds set forth in the Second Motion to Amend, the Court concludes that the imposition of sanctions is not warranted and will deny the Motion to the extent it seeks such relief.  Nevertheless, the Court cautions counsel and any pro se parties that future non-compliance with the Federal Rules of Civil Procedure and the Local Rules may result in the imposition of sanctions without further notice.

Court will deny, without prejudice, the Second Motion to Amend insofar as Plaintiff requests leave to amend the Complaint.

In the Second Motion to Amend, Plaintiff further requests that the Court "remand this case back to state court, where [he] intend[s] to Amend the Complaint, [and] dismiss the claims that are the basis of the Federal questions proffered, i.e. the RICO claim and the Securities claims, thereby leaving no reason for this case[] to be in Federal court." Second Motion to Amend at 2. In response, Defendant Countrywide asserts that Plaintiff's "stated intent to dismiss his federal claims only after the action returns to state court does not eliminate this Court's subject matter jurisdiction." First Opposition at 1. The Court observes that "[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Moreover, in cases removed from state to federal court, "the district court must look at the case at the time of removal to determine whether it has subject-matter jurisdiction." Pintando v. Miami-Dade Housing Agency, 501 F.3d 1241, 1244 n.2 (11th Cir. 2007) (per curiam) (citing Poore v. American-Amicable Life Ins. Co., 218 F.3d 1287 (11th Cir. 2000);[7] Behlen v. Merrill Lynch, 311 F.3d 1087, 1095 (11th Cir. 2002) (per curiam)); see also Lieu v. Sandy Sansing Cars, Inc., Case No. 3:07-cv-345-MCR-MD, 2007 WL 4287642, *1 (N.D. Fla. Dec. 5, 2007). Accordingly, the Court declines to remand this action to state court based on Plaintiff's future promise to amend the Complaint to

---

[7] The decision of the Eleventh Circuit Court of Appeals was subsequently overruled on other grounds in Alvarez v. Uniroyal Tire Co., 508 F.3d 639, 641 (11th Cir. 2007) (citing Powerex Corp. v. Reliant Energy Servs., 127 S. Ct. 2411 (2007)).

remove all federal claims. Therefore, the Court will deny the Second Motion to Amend in its entirety.

### II. Plaintiff's Third Motion to Amend

In the Third Motion to Amend, Plaintiff again requests that the Court grant him leave to amend the Complaint, and also that it exercise its discretion to remand this case to state court. Third Motion to Amend at 1. Plaintiff attached a proposed amended complaint to his motion. See id. Exhibit 1. Plaintiff requests that the Court file the proposed amended complaint pursuant to his stated intent to "offer[] the court, the opportunity to remand this case back to state court as there is no federal question therein." Third Motion to Amend at 1. Defendant Countrywide opposes Plaintiff's request for leave to amend the Complaint, as well as Plaintiff's request to remand this case to state court. See First Opposition at 8, 10. Specifically, Defendant Countrywide contends that Plaintiff's "request for leave to amend is not properly made and must be denied," id. at 8, and, alternatively, that even if Plaintiff voluntarily dismissed his federal claims, "this Court would still retain the discretion to exercise supplemental jurisdiction over any state law claims," id. at 5.

With regard to Plaintiff's request to amend the Complaint, Defendant Countrywide asserts that although Rule 15(a) provides that leave to amend shall be freely given when justice so requires, a motion to amend "may be denied if it would cause undue delay or undue prejudice to the defendants, or if the amendment [would be] futile." First Opposition at 8. While Defendant has correctly stated the standard set forth in Rule 15(a)(2), the Court finds that Rule 15(a)(2) is inapposite to its ruling on the Third Motion to Amend. Instead, Plaintiff's request for leave to amend his Complaint is governed by Rule 15(a)(1)(A), which

provides that "[a] party may amend its pleading once as a matter of course before being served with a responsive pleading." See Rule 15(a)(1)(A).  Upon review of the filings in this case, the Court determines that no responsive pleading has been filed.[8]  Therefore, Plaintiff may file an amended complaint "as a matter of course" pursuant to Rule 15(a)(1)(A).  See Rule 15(a)(1)(A).  As such, the Court will direct the Clerk of the Court to docket the attachment to the Third Motion to Amend as Plaintiff's "Amended Complaint."[9]

The Court turns next to Plaintiff's request that this case be remanded to state court. The Court's review of the Amended Complaint discloses that Plaintiff has deleted his federal claims, and only the following state law claims remain: (1) mortgage fraud, under Section 817.545, Florida Statutes; (2) fraud in the inducement (Counts I, VI-VII); (3) fraud (Counts II-III; V, VIII-X); and (4) conspiracy (Counts IV; XI-XII).  See generally Amended Complaint. In light of these revisions, Plaintiff argues that the Court should exercise its discretion to remand this case to state court, as his amendments to the Complaint eliminate the basis for

---

[8] Rule 7(a) provides:

Only these pleadings are allowed: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.

See Rule 7(a). Notably, the Eleventh Circuit has acknowledged that motions to dismiss are not "responsive pleadings" for purposes of Rule 15. Burns v. Lawther, 53 F.3d 1237, 1241 (11th Cir. 1995).

[9] While this action has been pending, Defendants have filed a number of motions directed at the Complaint. These motions include the following: (1) Joe Sealey/United Homes' Motion to Dismiss and/or for More Definite Statement (Doc. No. 4), filed on December 14, 2007; (2) Defendant Countrywide's Motion to Dismiss (Doc. No. 22), filed on January 3, 2008; (3) Defendants', Gary Pruitt and Appraise-It, Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss (Doc. No. 25), filed on January 8, 2008; (4) Motion to Dismiss (Doc. No. 28), filed by Defendants Joe Sealey and United Homes Builders, Inc. on January 9, 2008; (5) First American Title Insurance Company's Motion to Dismiss Plaintiff's Complaint (Doc. No. 31), filed on January 11, 2008; and (6) Defendant GMAC's Motion to Dismiss (Doc. No. 43). In light of the Court's ruling on Plaintiff's Third Motion to Amend and the filing of the Amended Complaint, these motions, which are directed at the original Complaint, are due to be denied as moot.

the Court's initial exercise of federal question jurisdiction. See Third Motion to Amend at 1. On the other hand, Defendant Countrywide argues that Plaintiff "was the master of the complaint he prepared and filed, and was not required to assert federal claims." First Opposition at 5. Accordingly, "even presuming Mr. Farrell voluntarily dismissed his federal claims, this Court would still retain the discretion to exercise supplemental jurisdiction over any state law claims." Id. at 5.

At the time the instant case was removed, the Court had original jurisdiction over Plaintiff's federal claims, see 28 U.S.C. §1331, as well as supplemental jurisdiction over Plaintiff's pendent state law claims, see 42 U.S.C. §1367(a). See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966). Because the Court had subject matter jurisdiction over this case at the time of removal, Plaintiff's subsequent amendment eliminating his federal claims did not divest the Court of its subject matter jurisdiction over his remaining state law claims. See Behlen, 311 F.3d at 1095. Indeed, "[l]ater changes to the pleadings do not impact the court's exercise of supplemental jurisdiction." Pintando, 501 F.3d at 1243 n.2 (citing Poore, 218 F.3d at 1287). In other words, if a district court has subject matter jurisdiction based on a federal question at the time of removal, subsequent acts do not automatically divest the court of its jurisdiction over the remaining state law claims in the original complaint. Behlen, 311 F.3d at 1095. On the contrary, when a case is removed to federal court and the federal question is eliminated by a subsequent pleading, a district court retains discretion to exercise jurisdiction over a plaintiff's remaining state law claims. See id.

While the Court is not required to remand this case, it may nevertheless decline to continue exercising supplemental jurisdiction over Plaintiff's remaining state law claims. See

28 U.S.C. §1367(c); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988) (noting that "a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate."); Pintando, 501 F.3d at 1242; Raney v. Allstate Ins. Co., 370 F.3d 1086, 1088-89 (11th Cir. 2004); Behlen, 311 F.3d at 1095.  When deciding whether to exercise supplemental jurisdiction over a particular case, district courts consider "the circumstances of the particular case, the nature of the state law claims, the character of the governing state law, and the relationship between the state and federal claims," as well as "the values of judicial economy, convenience, fairness, and comity."  City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 173 (1997) (internal quotations omitted) (quoting Cohill, 484 U.S. at 350).  Supplemental jurisdiction "'thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values.'" Lieu, 2007 WL 4287642, at *1 (quoting Cohill, 484 U.S. at 357).  District courts "enjoy wide latitude" in determining whether to retain jurisdiction over state claims when all federal claims have been dropped, Lieu, 2007 WL 4287642, at *2 (citing Kendall v. City of Chesapeake, 174 F.3d 437, 444 n.4 (4th Cir. 1999)), but, nevertheless, they are "encouraged to remand remaining state claims when all of the federal claims in a case have been eliminated prior to trial," Lieu, 2007 WL 4287642, at *2 (citing Raney, 370 F.3d at 1089).  Given the early stage of this proceeding and the filing of the Amended Complaint, in which all federal claims have been dropped, the Court is not inclined to exercise its discretion to retain jurisdiction over Plaintiff's remaining state law claims.  Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Dismiss; Motion for Sanctions; Motion to Amend (Doc. No. 14) is **DENIED AS MOOT**.

2. Plaintiff's Motion to Dismiss; Motion for Sanctions; Motion to Amend (Doc. No. 15) is **DENIED**.

3. Plaintiff's Addendum to; Motion to Dismiss; Motion for Sanctions; Motion to Amend Complaint with Attached Complaint (Doc. No. 33) is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted to the extent that Plaintiff may file his Amended Complaint. The Clerk of the Court is directed to file the Amended Complaint attached to Plaintiff's motion, and docket the aforementioned document as Plaintiff's "Amended Complaint." The Motion is further granted to the extent that the Court will direct that the case be remanded upon the filing of the Amended Complaint. In all other respects, the Motion is denied.

4. In light of the Court's Order permitting the filing of the Amended Complaint:

a. Joe Sealey/United Homes' Motion to Dismiss and/or for More Definite Statement (Doc. No. 4) is **DENIED AS MOOT**;

b. Defendant Countrywide's Motion to Dismiss (Doc. No. 22) is **DENIED AS MOOT**;

c. Defendants', Gary Pruitt and Appraise-It, Motion to Dismiss and Memorandum of Law in Support of Motion to Dismiss (Doc. No. 25) is **DENIED AS MOOT**;

d. Defendants Joe Sealey and United Homes Builders, Inc.'s Motion to Dismiss (Doc. No. 28) is **DENIED AS MOOT**;

    e. Defendant First American Title Insurance Company's Motion to Dismiss Plaintiff's Complaint (Doc. No. 31) is **DENIED AS MOOT**; and

    f. Defendant GMAC's Motion to Dismiss (Doc. No. 43) is **DENIED AS MOOT**.

  5. The Clerk of the Court is directed to remand this case to the Circuit Court of the Twentieth Judicial Circuit, in and for Lee County, Florida, and to transmit a certified copy of this Order to the clerk of that court.

  6. The Clerk of the Court is further directed to close the file and terminate any remaining motions and deadlines as moot.

  **DONE AND ORDERED** at Fort Myers, Florida, this   15th   day of April, 2008.

*[Signature]*
**MARCIA MORALES HOWARD**
United States District Judge

lc5
Copies to:
Counsel of Record
Clerk of Court
Twentieth Judicial Circuit in and for Lee County, Florida